UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH CALDWELL,<br><br>  Plaintiff,<br><br>  v.<br><br>DORIS L. DOWNS and WENDY L. SHOOB,<br><br>  Defendants. | No. 2:17-cv-1250 KJM AC (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I.  SCREENING

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ.

1

1  P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-
2  policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules
3  of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for
4  federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court),
5  (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the
6  plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a).
7  Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1). Forms are
8  available to help pro se plaintiffs organize their complaint in the proper way. They are available
9  at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at
10  www.uscourts.gov/forms/pro-se-forms.

11  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12  Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
13  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
14  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
15  plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327;
16  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at
17  Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler,
18  627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions
19  cast in the form of factual allegations, or allegations that contradict matters properly subject to
20  judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981);
21  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187
22  (2001).

23  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
24  Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may
25  only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
26  of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th
27  Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an
28  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

2

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### A. The Complaint

Plaintiff brings suit against two superior court judges from the Superior Court of Fulton County in Atlanta, Georgia. ECF No. 1 at 2. Under "Basis for Jurisdiction" she writes, "Federal Question: 42 USCA 1983 Civil Action for Deprivation of Rights[;] Judicial Immunity does not extend to civil rights actions under this code in seeking prospective injunctive relief against the judicial acts of state court judges. Federal Question 28 USCS 1331 and 28 USCS 1343 Civil Rights and Elective Franchise."

Plaintiff alleges that in July of 2003, divorce proceedings were initiated by the father of her two children. Id. at 3. In fall of 2004, defendant Judge Doris Downs "wrote a letter or decree recusing herself and her influence from the plaintiff's divorce case." Id. The case was then "recused by Judge Melvin Westmoreland and transferred into the court of defendant [Judge] Wendy Shoob." Id. The divorce was settled in February of 2005 and shared custody of the children was awarded. Id. Plaintiff alleges that in April 2005 defendant Shoob called for an emergency hearing, and issued an illegal gag order unlawfully restricting plaintiff's rights. Id. Defendant Shoob scheduled a follow-up hearing on June 17, 2005. Id. Due to a medical emergency, plaintiff informed the court that she would not be able to attend. Id. Plaintiff states that defendant Shoob was also unable to attend, and instead defendant Downs, "in violation of her earlier decree, unlawfully assumed the position of judge replacing defendant Wendy Shoob. Defendant Doris Downs issued an unlawful, hand-written bench warrant ordering plaintiff's arrest." Id. Defendant Downs also gave full custody of the children in question to their father. Id. at 4. Plaintiff was remanded to Fulton County Jail, where she remained for several days without charge, and was ultimately released without charge. Id. Plaintiff seeks judgment against Judge Shoob and Judge Downs for "damages of funds diverted to plaintiff due to unlawful actions," attorney's fees, costs of suit, and such other relief as may be just. Id.

### B. Analysis

Plaintiff brings claims against judicial officers that are immune from suit unless they acted clearly without jurisdiction, but does not provide sufficient facts about the underlying action for

3

this court to make a determination as to whether plaintiff can state a claim against the judicially immune defendants.

As a general rule, when the plaintiff seeks monetary relief against a state court judge, judicial immunity bars the suit. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). In Pulliam v. Allen, the Supreme Court held that judicial immunity did not encompass claims for prospective relief and attorneys' fees against a judge in her judicial capacity. 466 U.S. 522, 541 (1984). This is apparently the precedent on which the plaintiff relies. However, "Pulliam has been partially abrogated by statute: In 1996, Congress enacted the Federal Courts Improvement Act, Pub.L. No. 104-317, 110 Stat. 3847 (1996), which amended § 1983 to provide that 'injunctive relief shall not be granted" in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'" Gonzales-Quezada v. Hayden, No. C09-1469-JCC, 2010 WL 101323, at *2 (W.D. Wash. Jan. 7, 2010). Neither exception seems to apply based on the limited facts plaintiff alleges.

In any case, plaintiff does not seek prospective relief. Prospective relief refers to preventing something from happening in the future; here, plaintiff seeks an award of financial damages based on past actions that the defendants took in their judicial capacity. ECF No. 1 at 4. A judicial defendant is absolutely immune from suits seeking monetary damages for acts performed in his or her judicial capacity. Mireles v. Waco, 502 U.S. 9 (1991). Only actions taken in "the complete absence of all jurisdiction" or falling outside of a judge's judicial duties may subject a judge to liability. Id. at 11-12. "In determining judicial immunity, [the Ninth Circuit has] distinguished between acts "in excess of jurisdiction" and acts "in the clear absence of jurisdiction" by looking to the subject-matter jurisdiction of the judge: "[a] clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." Miller v. Davis, 521 F.3d 1142, 1147 (9th Cir. 2008). Nothing in plaintiff's complaint indicates that the defendants acted in complete absence of all jurisdiction. For this reason, plaintiff's complaint, as it stands, is barred by judicial immunity.

////

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

Plaintiff's complaint is being dismissed because it brings suit against two judges who cannot be sued unless they acted in absence of all jurisdiction.  This means that they had no power at all to hear the case or grant the kind of relief that they granted.  Plaintiff's complaint alleges that judicial immunity does not apply because plaintiff is seeking prospective relief.  First, plaintiff is seeking money damages, and not prospective relief.  Second, the "prospective relief" language that plaintiff is relying on no longer applies because of statutory changes, as described above.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. The complaint (ECF No. 1) is DISMISSED because it names only defendants who are immune from suit.
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: June 20, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE