UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH CALDWELL,<br><br>            Plaintiff,<br><br>    v.<br><br>DORIS L. DOWNS and WENDY L. SHOOB,<br><br>            Defendants. | No.  2:17-cv-1250 KJM AC<br><br><br><br>ORDER |

Plaintiff, proceeding pro se, filed the above-entitled action. The matter was referred to a United States Magistrate Judge under Local Rule 302(c)(21).

On July 25, 2017, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 6. On August 14, 2017, plaintiff filed objections to the findings and recommendations. Objections, ECF No. 7.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court presumes findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).

/////

1    Having reviewed the file, the court finds plaintiff's verified objections raise new
2    information that may change the magistrate judge's recommendation because plaintiff appears to
3    provide facts indicating certain of Judge Doris Brown's actions may have exceeded the bounds of
4    judicial immunity.  *See* Objections at 4 (declaring, under penalty of perjury, that Judge Downs
5    "entered the private vehicle of opposing counsel," "followed directly behind the plaintiff's
6    vehicle (stalking) for several miles . . . cornering the plaintiff and her children on the streets" and
7    "ordered the children into the plaintiff's ex-husband's car in a commercial parking lot.").  *Cf.*
8    *Supreme Court of Virginia v. Consumers Union of United States, Inc.,* 446 U.S. 719, 731 (1980)
9    (judges "promulgating" code of conduct for attorneys do not get judicial immunity because
10   "promulgating rules" is a legislative function; but they do get legislative immunity); *Forrester v.*
11   *White,* 484 U.S. 219, 228-29 (1988) (judges "enforcing" the Bar Code would be treated like
12   prosecutors for immunity purposes.).
13   In light of plaintiff's objections, without making any credibility determinations, the court
14   DECLINES to adopt the findings and recommendations and instead REFERS the matter back to
15   the magistrate judge for further proceedings to develop the record as necessary for consideration
16   of whether the information contained in plaintiff's objections justifies granting further leave to
17   amend, or whether the legal analysis supporting the findings and recommendations merely
18   requires supplementation.
19   IT IS SO ORDERED.
20   This resolves ECF No. 6.
21   DATED:  August 22, 2018.

_____
UNITED STATES DISTRICT JUDGE

2