UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEAH CALDWELL,

    Plaintiff,

v.

DORIS DOWNS, et al.,

    Defendants.

No. 2:17-cv-01250-KJM-AC

ORDER

Plaintiff, who is proceeding in pro se, filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which this court granted on the basis of a first complaint. ECF No. 3. Plaintiff has since filed a Second Amended Complaint, ECF No. 10, which is the operative complaint in this case. The Second Amended Complaint makes it clear that all defendants are residents of the state of Georgia, and that all events at issue took place in Atlanta, Georgia. ECF No. 10 at 2, 3-5.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal

1

jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the claim arose in Atlanta, Georgia, which is in the Northern District of Georgia. All defendants are from Georgia. Therefore, plaintiff's claim should have been filed in the United States District Court for the Northern District of Georgia. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of Georgia.

DATED: January 17, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE